**LACHMAR, Plaintiff-Appellee,**

v.

**TRUNKLINE LNG COMPANY and Trunkline Gas Company, Defendants-Appellants.**

**Cal. No. 32, Docket 84–7391.**

United States Court of Appeals, Second Circuit.

Argued Sept. 18, 1984.

Decided Jan. 14, 1985.

Bruce E. Clark, New York City (Sullivan & Cromwell, James H. Carter, Hyman L. Schaffer and Norman Feit, New York City, on the brief) for defendants-appellants.

Richard T. Franch, Chicago, Ill. (Jenner & Block, Robert T. Markowski and Thomas J. McCarthy, Chicago, Ill., Cravath, Swaine & Moore and Douglas D. Broadwater, New York City, on the brief) for plaintiff-appellee.

Before VAN GRAAFEILAND, and CARDAMONE, Circuit Judges, and MacMAHON, District Judge.*

PER CURIAM:

The issue on this appeal is whether arbitration between the parties can proceed without the United States Maritime Administration (Marad) being joined as a party. The United States District Court for the

* Of the United States District Court for the South-

Southern District of New York (Owen, J.) held that it could. We agree.

In 1976, Lachmar, a corporate partnership, entered into a shipping agreement with Trunkline LNG Company (TLC) pursuant to which Lachmar agreed to transport liquefied natural gas from Algeria to Louisiana for a period of twenty years. Trunkline Gas Company (Trunkline) executed a separate agreement, in substance guaranteeing TLC's performance under its contract. Both agreements provide that controversies arising thereunder will be arbitrated in New York.

The agreement between Lachmar and TLC contains a "ship or pay" provision which requires TLC to make certain minimum annual payments regardless of whether any shipments actually are made. However, in December, 1983, TLC and Trunkline notified Lachmar that they were "suspending" their obligations under the contracts because of catastrophically adverse market conditions. Lachmar then demanded arbitration.

TLC and Trunkline argue that Lachmar may not go forward with the arbitration unless it joins Marad as a party. They predicate this argument upon security agreements between Lachmar and Marad pursuant to which Marad guaranteed the payment of Ship Financing Bonds issued by Lachmar to finance the construction of the two ocean tankers used in transporting the liquefied natural gas. *See* 46 U.S.C. §§ 1271 *et seq.* In these agreements, Lachmar granted, conveyed, assigned, etc. to Marad continuing security interests in all of its right, title and interest in its agreements with TLC and Trunkline. The agreements also provide however that Marad shall not have any obligations under the transportation contract. TLC consented to the assignments in a written agreement which provides:

> The Security Agreements do not impose on the Secretary [of Commerce] any obligations or liabilities with respect to the Transportation Agreement.

Under New York law, made applicable by the parties, the assignee of rights

ern District of New York, sitting by designation.

under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395, 402, 165 N.Y. S.2d 498, 144 N.E.2d 387 (1957). Included among the duties to which this rule has reference is the duty to arbitrate. *Matter of Kaufman*, 272 A.D. 578, 581–82, 74 N.Y. S.2d 23 (1st Dep't 1947). Marad did not assume Lachmar's duty to arbitrate. Indeed, in the event of default in the guaranteed obligations or any related agreement, the Secretary of Commerce has the statutory right to "take such action against the obligor or any other parties liable thereunder that, in his discretion, may be required to protect the interests of the United States." 46 U.S.C. § 1275(e). Marad was neither a necessary nor indispensable party to the arbitration.

The order of the district court is affirmed.