**GMAC COMMERCIAL CREDIT, LLC, Plaintiff,**

v.

**DILLARD DEPARTMENT STORES, INC., Defendant.**

No. 00 CIV. 2618(CBM).

United States District Court, S.D. New York.

Jan. 17, 2001.

deliberations.

Kenneth T. Wasserman, The Catafago Law Firm PC, New York City, for Plaintiff.

Daniel J. Brooks, Layton Brooks & Hecht LLP, New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiff, GMAC Commercial Credit, LLC ("GMAC"), formerly known as BNY Factoring LLC, successor by merger to BNY Financial Corporation, filed this diversity breach of contract action in the New York Supreme Court for the County of New York against defendant, Dillard Department Stores, Inc. ("Dillard") on January 21, 2000. Plaintiff seeks $1,538,430.30, plus interest, as well as costs and attorneys' fees.

Defendant removed the action from state court on April 5, 2000 and, on April 20, 2000, filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or to transfer venue pursuant to 28 U.S.C. §§ 1404, 1406. On June 23, 2000, Judge Batts referred the motion to Magistrate Francis for a report and recommendation. On July 28, 2000, the case was reassigned to this court which heard arguments on defendant's motion on October 17, 2000. For the reasons discussed below, this court GRANTS defendant's motion to dismiss without prejudice to refile this action in an Arkansas state court in Pulaski County or in the United States District Court for the Eastern District of Arkansas.

## I. BACKGROUND

Plaintiff, which has its principle place of business in the city, county, and state of New York, is the assignee of Lady Carol Dresses, LLC ("LCD"), a long-standing vendor of defendant. LCD sold merchandise to defendant and sent defendant invoices calling for payment of the face amount to be made directly to plaintiff, without discount or adjustment. Each invoice also notified defendant that all claims for damages and shortages must be made in writing within five days from receipt of the merchandise. Plaintiff alleges that defendant unilaterally discounted $1,538.430.30 from the agreed upon price of certain invoices sent between January 6, 1999 and August 4, 1999.

Defendant submits that on January 12, 1996, it mailed to all of its vendors a memorandum entitled "Dillard Department Stores, Inc. Purchase Order Terms, Conditions & Instructions" ("the January 1996 Terms and Conditions"). This memo contained a forum selection clause selecting the forum of Arkansas.[1] Prior to this time, defendant's vendors began receiving Dillard's purchase orders through Electronic Data Interchange (EDI).[2] Along with the purchase orders, LCD received through the EDI a message stating: "This purchase order is subject to the ... Purchase Order Terms, Conditions and Instructions ... and the Dillard Business ... Policy Memorandum Dated 10/14/97 ...." The 1997 memorandum confirmed that the January 1996 Terms and Conditions had been mailed to all vendors and also contained a forum selection clause selecting the forum of Arkansas.[3]

Defendant asserts that its selection of the forum of Arkansas is reasonable, because defendant has its principle place of business in Little Rock, Arkansas, and all of its key

---

1. The clause reads: "Any controversy or claim arising out of or relating to these terms and conditions shall be settled by suit brought in Pulaski County, Arkansas. The law of Arkansas shall apply. Seller hereby submits itself to the personal jurisdiction of the State of Arkansas and agrees that the exclusive jurisdiction of any controversy or claim shall be in the Courts of the State of Arkansas, Pulaski County or the United States District Court for the Eastern District of Arkansas." Savage Aff., Ex. B at ¶ A.14.

2. EDI purchase orders are transmitted over a telephone line into a network, from which they can be retrieved by Dillard's vendors. The vendors then fill the orders, ship the merchandise, and send Dillard's their invoices.

3. The clause reads: "Any controversy or claim arising out of or relating to this Agreement shall be settled by suit brought in Pulaski County, Arkansas. The law of Arkansas shall apply. Seller hereby submits itself to the personal jurisdiction of the State of Arkansas and agrees that the exclusive jurisdiction of any controversy or claim shall be in the Courts of the State of Arkansas, Pulaski County or the United States District Court for the Eastern District of Arkansas." Spence Aff., Ex. F at ¶ F.4.

employees and documents relevant to a dispute with a vendor are located in Little Rock. Defendant also asserts that none of its witnesses or documents are located in or near New York.

## II. DISCUSSION

### A. Venue in New York Is Proper

Defendant argues that this action should be dismissed for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1406(a), or, in the alternative, venue of this action should be transferred to the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides for a motion to dismiss based on improper venue. *See* FED. R. CIV. P. 12(b)(3). If the venue is proper, a court may nevertheless transfer venue pursuant to 28 U.S.C. § 1404(a): "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). If venue is improper, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to a district or division in which it could have been brought." 28 U.S.C. § 1406(a).

█ The district court also has the power to grant a motion to dismiss despite the absence of improper venue. *See Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.,* 2000 WL 1716343, at *12 (S.D.N.Y.2000). The Supreme Court "has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("Courts of equity and of law also occasionally decline, in the interest of justice, to exercise jurisdiction, where ... the litigation can more appropriately be conducted in a foreign tribunal."). A district court may "dismiss on the grounds that the parties have agreed in advance that some other forum is

the more convenient location for resolution of the dispute." *Ulysses Cruises,* 2000 WL 1716343, at *12; *see also AVC Nederland B.V. v. Atrium Investment Partnership,* 740 F.2d 148 (2d Cir.1984) (dismissing case on the basis of a forum-selection clause without reference to § 1406).

To determine the grounds upon which to base this motion to dismiss or transfer, this court must first determine whether laying venue in New York is proper or improper. The presence of a forum selection clause does not enter into this analysis. *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 n. 8, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (suggesting that venue is improper only where the statutory venue requirements have not been met); *Ulysses Cruises,* 2000 WL 1716343, at *8 (" 'The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract ....") (*quoting Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.,* 825 F.Supp. 671, 679 (D.N.J.1993)); *Smith v. Commodore Cruise Line Ltd.,* 2000 WL 1469823, at *5 (S.D.N.Y.2000) (describing the Supreme Court's position in *Stewart* that "an enforceable forum-selection clause requiring venue to be brought elsewhere did not render venue in the original forum improper."). Rather, venue is determined by statute at 28 U.S.C. § 1391. The venue statute provides that when defendant is a corporation, it "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, to determine whether or not venue is proper in New York, this court must first determine whether defendant was within this court's personal jurisdiction at the time this action was commenced.

### 1. *Personal Jurisdiction*

█ A court sitting in diversity applies the law of the forum state in determining whether it has personal jurisdiction over a nonresident defendant. *See Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997). This court must therefore determine whether New York's Civil Practice Law and Rules ("CPLR") provides for jurisdiction over defendant. *See* N.Y. CPLR 301, 302

(McKinney 2000). This inquiry requires this court to find: (1) a basis under New York law for exercising personal jurisdiction over defendant, and (2) that the exercise of this jurisdiction does not offend federal standards of due process. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999).

■ One basis under New York law which allows a court to exercise personal jurisdiction is where the defendant engages in activities rising to the level of "doing business" in New York. *See* N.Y. CPLR 301; *Anderson v. Indiana Black Expo, Inc.,* 81 F.Supp.2d 494, 500 (S.D.N.Y.2000). "Doing business" results when defendant is engaged in " 'such a continuous and systematic course of activity' that it can be deemed to be 'present' in the state of New York." *Klinghoffer v. S.N.C. Achille Lauro,* 937 F.2d 44, 50–51 (2d Cir. 1991) (*quoting Laufer v. Ostrow,* 55 N.Y.2d 305, 310–11, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982)). A "foreign defendant may be subject to suit in New York if it conducts, or purposefully directs, business 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Anderson,* 81 F.Supp.2d at 500 (*quoting Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915 (1917)). The New York courts, in applying the test for CPLR 301 jurisdiction, have focused upon factors including: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985).

"Due process requirements are satisfied if the defendant foreign corporation has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *See Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227 N.E.2d 851, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967) (*quoting International Shoe Co. v.*

*State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Defendant asserts that it does not maintain an office, place of business, telephone listing, or employees in New York and is not qualified to do business in New York. Defendant asserts that the office address referred to in plaintiff's complaint as defendant's New York business address [4] belongs to an independent buying agent of defendant's.

This court finds that defendant has admitted that it maintains an office and place of business in New York. Defendant is currently involved in an action against it in New York state court. In that action, the plaintiff's verified complaint alleges that defendant maintains the same New York business address alleged by the plaintiff in this action. *See* Catafago Aff., Ex. A. Defendant, in its verified answer to the complaint in the state action, admits to maintaining an office and place of business at that address in New York. *See id.,* Ex. B. Based upon this admission, this court finds that defendant is "doing business" in New York for the purposes of satisfying CPLR 301 and that defendant's contacts with New York are sufficient to satisfy the requirements of due process.

Personal jurisdiction over defendant having been established, this court finds that venue in New York is proper under 28 U.S.C. § 1391(c).

## B. The Forum Selection Clause Binds Plaintiff

Plaintiff argues that it, as an assignee of LCD, was not a party to the contract between LCD and defendant and did not agree to be bound by the forum selection clause in that contract.

### 1. *Applicable Law*

■ The enforceability of a forum selection clause against a party bound by the clause is governed by federal law. *Jones v. Weibrecht,* 901 F.2d 17, 19 (2d Cir.1990). However, the issue of whether plaintiff assumed the terms of the contract, including

---

**4.** Plaintiff alleges that defendant was and is a corporation "maintaining an office and place of business at 1515 Broadway, in the City, County and State of New York." *See* Def.'s Notice of Motion, Ex. A, Verified Complaint.

the forum selection clause, must be decided under the law of New York.[5] *See Days Inns of America, Inc. v. Memorial Hospitality Corp.,* 1997 WL 782049, at *3 n. 1 (S.D.N.Y. 1997) (finding that the contract law issue of enforceability of a clause itself is governed by state law).

## 2. *Assignees*

■ Under New York law, an assignee cannot sue to enforce its rights under the contract without also assuming the other terms of the contract, including a forum selection clause. New York has adopted the Uniform Commercial Code ("U.C.C."). *See* N.Y. U.C.C. Law §§ 1–101 *et seq.* (McKinney 2000). U.C.C. § 9–318(1)(a), the section pertaining to the rights of assignees of accounts receivable, codified pre-existing New York law by providing that the rights of an assignee were "subject to 'all the terms of the contract between the account debtor ... and assignor.'" *Septembertide Publishing, B.V. v. Stein and Day, Inc.,* 884 F.2d 675, 682 (2d Cir.1989). It "has always been the law in New York that an assignee stands in the shoes of its assignor and takes subject to those liabilities of its assignor that were in existence prior to the assignment." *Septembertide,* 884 F.2d at 682. If the law embodied by U.C.C. § 9–318(1)(a) did not apply to forum selection clauses, then the clauses would serve little purpose, because "a party could escape the effect of a forum selection clause by assigning or subrogating its rights." *Farrell Lines Inc. v. Columbus Cello–Poly Corp.,* 32 F.Supp.2d 118, 126 (S.D.N.Y.1997).

■ Plaintiff does not contest the general proposition that forum selection clauses are enforceable against an assignee who has agreed to assume the clause. However, plaintiff contends that the subrogation cases cited by defendant do not involve assignees who are also factors of invoices (which is plaintiff's position vis-a-vis LCD). Plaintiff

argues that assignees who are also factors of invoices do not assume the obligations in the assignor's contract without expressly agreeing to do so. *See A. Brod, Inc. v. SK & I Co., L.L.C.,* 998 F.Supp. 314, 321 (S.D.N.Y. 1998) ("Under New York law, the assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless [it] expressly assumes to do so.") (*citing Lachmar v. Trunkline LNG Co.,* 753 F.2d 8, 9–10 (2d Cir.1985)); *Rosenthal & Rosenthal, Inc. v. John Kunstadt, Inc.,* 106 A.D.2d 277, 482 N.Y.S.2d 287, 288–89 (N.Y.App.Div.1984) (relying on *Kaufman v. William Iselin & Co.,* 272 A.D. 578, 74 N.Y.S.2d 23 (N.Y.App.Div.1947), for the proposition that a factor who accepts an assignment of an invoice does not necessarily assume performance of the basic contract).

The case law cited by plaintiff to support its argument is inapplicable to the present situation. The cases of *A. Brod* and *Lachmar* dealt with the question of whether an assignee of the rights under a contract also undertook the obligations of the assignor under the contract. The assignment in this case was not limited to LCD's rights under the contract and, therefore, *A. Brod* and *Lachmar* offer no guidance in this situation. Plaintiff also relies on *Rosenthal & Rosenthal* and *Kaufman* to support its position. These two cases differ from the present one in that the plaintiffs were not in the position of attempting to enforce their assigned rights. Noting that the plaintiff was not trying to enforce its assigned rights under the contract, the *Kaufman* court stated the following:

> We limit our decision to holding that on the present record no case is made out to justify a finding that the factor, under the conditions herein presented, has assumed the duty to arbitrate. This is not a situation where the assignee has taken any affirmative action under the contract to enforce its terms; in such event it is prop-

**5.** Defendant argued that the federal common law of contracts, guided by the Uniform Commercial Code ("U.C.C."), was controlling. This argument was based on a line of cases stemming from *Clearfield Trust Co. v. United States,* 318 U.S. 363, 744, 63 S.Ct. 573, 87 L.Ed. 838 (1943). In *Clearfield Trust,* the Court held that the "rights and duties of the United States on commercial paper which it issues are governed by federal rather than local law." *Clearfield Trust,* 318 U.S. at 366, 744, 63 S.Ct. 573. Because the United States is not a party to the contract at issue here, local rather than federal law controls.

er to hold that having taken steps to adopt the terms of the contract he had assumed the obligations as well as the rights thereunder.

*Kaufman,* 74 N.Y.S.2d at 26. This important limiting language was not picked up by the court in the *Rosenthal & Rosenthal* decision; this court believes this omission was in error. This court therefore finds that U.C.C. § 9–318(1)(a) controls even in the case of assignees who are also factors of invoices. Plaintiff, as LCD's assignee, in seeking to enforce its rights under the contract is bound by the terms of the contract, including the forum selection clause.

### C. Application of the Forum Selection Clause

Defendant argues that this case must be dismissed or transferred because the forum selection clause designated Arkansas as the chosen venue for any controversy or claim.

■■■ As noted above, federal law controls the enforcement of forum selection clauses. *See Jones v. Weibrecht,* 901 F.2d at 19. Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Such clauses are to be "given full effect" absent "fraud, undue influence, or overweening bargaining power." *Bremen,* 407 U.S. at 12–13, 92 S.Ct. 1907; *see also Jones v. Weibrecht,* 901 F.2d at 19 (reiterating the "well established rule of this Circuit that *Bremen* applies with equal force in diversity cases.").

■■■ Whether a case should be dismissed, as opposed to transferred, because of a forum selection clause is governed by the *Bremen* line of cases. *See Composite Holdings, L.L.C. v. Westinghouse Electric Corp.,* 992 F.Supp. 367, 370 (S.D.N.Y.1998). In ruling on a motion to transfer venue under § 1404(a), the Supreme Court has held that a court should begin with the flexible standards of § 1404(a) rather than beginning with the principles of *Bremen. See Composite Holdings,* 992 F.Supp. at 370 (discussing the Supreme Court decision in *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). Under § 1404(a), a forum selection clause is merely one factor to be considered in determining venue. *See Stewart,* 487 U.S. at 29–30, 108 S.Ct. 2239 ("In its resolution of the § 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power.").

This court finds that the forum selection clause in the contract should be enforced under either a *Bremen* analysis or a § 1404(a) analysis. In considering defendant's motion to dismiss, this court finds that the forum selection clause is reasonable. Defendant had a good faith basis for selecting Arkansas as its forum for disputes with vendors since Arkansas is defendant's principle place of business and the place where its employees and relevant documents are located. Furthermore, this court finds no evidence of *Bremen*'s "fraud, undue influence, or overweening bargaining power." Given that venue in Arkansas was clearly expressed in the forum selection clause, dismissal of this case is warranted. *See Seward v. Devine,* 888 F.2d 957, 962 (2d Cir.1989) (affirming dismissal where forum selection clauses "plainly provided that venue was to be limited solely to the state court in Delaware County").

In considering defendant's motion to transfer venue under § 1404(a), there is no reason for this court to decline to give weight to the expression of the contracting parties' preference that venue lie in Arkansas. There is no showing that Arkansas is any less convenient to plaintiff than New York is to defendant, and there is no evidence of bad faith or fraud on the part of defendant such that litigation in the chosen venue would be unfair.

### D. Dismissal versus Transfer

■■■ Defendant has requested either dismissal of the case or transfer of venue. As discussed in Section II.A of this Memoran-

dum Opinion, because venue in New York is not improper, this court may either dismiss this case pursuant to its power to enforce reasonable forum selection clauses or may transfer this case under 28 U.S.C. § 1404(a). Determining whether to dismiss or transfer depends upon which remedy is most consistent with the forum selection clause at issue. *See Ulysses Cruises,* 2000 WL 1716343, at *11. If, for example, the forum selection clause only authorized suit in the United States District Court for the Eastern District of Arkansas, without reference to the Arkansas state courts, then a transfer of venue to another federal district court would be adequate to enforce the contracting parties' agreement. However, the forum selection clause in this case permits suit to be brought in both the federal district court and in state courts. Therefore, to transfer venue in this case, this court would be depriving plaintiff of its right under the forum selection clause of this contract to bring suit in *either* state or federal court. Although defendant would be able to remove to federal court an action filed by plaintiff in Arkansas state court, this court cannot and should not rule in anticipation of what defendant may or may not do.

Because dismissal preserves plaintiff's decision to file in the state or federal courts of Arkansas, this court dismisses this action without prejudice to refiling the action in the state courts of Pulaski County, Arkansas or the United States District Court for the Eastern District of Arkansas.

## III. CONCLUSION

Although venue in this case is proper, this court GRANTS defendant's motion to dismiss this case without prejudice to refile in an Arkansas state court in Pulaski County, Arkansas or in the United States District Court for the Eastern District of Arkansas. This case is hereby DISMISSED.

SO ORDERED.