11-3578-cv
Hammerstein v. Federal Republic of Germany

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GABRIELE HAMMERSTEIN,

> *Plaintiff-Appellant,*

> -v.-                                                      No. 11-3578-CV

FEDERAL REPUBLIC OF GERMANY,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                  SAMUEL A. EHRENFELD, Alfonso R. Ramos (Solomon, Zabrowski and Samuel A. Ehrenfeld, New York, NY, *on the brief*).

**FOR APPELLEE:**                   JEFFREY HARRIS, Max Riederer von Paar, Walter E. Diercks (Rubin, Winston, Diercks, Harris & Cooke, LLP, Washington, DC, *on the brief*).

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Gabriele Hammerstein ("Hammerstein") appeals from a judgment dismissing her action for a lack of subject matter jurisdiction. Defendant-appellee Federal Republic of Germany ("Germany" or "Federal Republic of Germany") is a sovereign foreign state. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the District Court's judgment dismissing the action for lack of subject matter jurisdiction. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011).

### A.

According to the allegations of her complaint, which we take as true for purposes of this appeal, Hammerstein is a current resident of New York state whose parents, prior to 1938, owned and operated a property known as the Schlosspark Sanatorium in Schwerin, Germany. Hammerstein describes the property as "consisting of a three and a half story mansion and remise (coach house) situated amid a large park-like setting." Hammerstein's parents were forced to flee Germany during the Nazi era, during which time the Gestapo acquired the property in a forced sale, utilizing it as regional headquarters. Following the end of the Second World War, the property fell under the control of authorities in Communist East Germany, who used it principally as a children's hospital. Hammerstein's efforts to regain ownership of the property began following the reunification of Germany and allegedly involved protracted objections and disputes with the German Federal Asset Office and the Conference on Jewish Material Claims Against Germany (JCC). During this time, Hammerstein claims, she was forced to pay taxes and a litany of associated fees on the property even though she did not have ownership over it. She finally acquired ownership of the property in 1996, and discovered that it was in a state of such disrepair as to be "virtually uninhabitable." Hammerstein thereafter instituted this suit, asserting nine causes of action, and seeking damages.

### B.

As we have noted in a case involving analogous facts, "[d]espite the severe injuries asserted by plaintiff[], the capacity of United States courts to exercise jurisdiction over plaintiff['s] claims [against a foreign sovereign] hinges on a legal inquiry narrowly circumscribed by statute." *Garb v. Republic of Poland*, 440 F.3d 579, 581 (2d Cir. 2006). "It is well settled," moreover, that the "only source of subject matter jurisdiction over a foreign sovereign in the courts of the United States is the Foreign Sovereign Immunities Act of 1976 ('FSIA'), 28 U.S.C. §§ 1330, 1602-1611, which codifies several exceptions to the long-established doctrine of foreign sovereign immunity." *Id.* The FSIA establishes a general rule of immunity from the jurisdiction of the courts of the United States, other than where as provided by

2

specific statutory exceptions.  *See* 28 U.S.C. § 1604; *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 287 (2d Cir. 2011) (noting the "general rule of jurisdictional immunity" for foreign states).[1]

Hammerstein, acknowledging the applicability of the FSIA, sought to establish subject matter jurisdiction under the statute's exceptions for commercial activities or takings, either of which might independently provide a basis for jurisdiction.  The District Court concluded that neither exception applied.  Specifically, the District Court found that Hammerstein "failed to show any direct effect in the United States caused by [Germany's] alleged acts," as required under the commercial activities exception.  The District Court also concluded that the takings exception did not apply because Hammerstein could not demonstrate either that the disputed property was present in the United States or that the property was owned or operated by an agency or instrumentality of the Federal Republic of Germany.

On appeal, Hammerstein again argues that both the commercial activities and takings exceptions to the FSIA provide our courts with subject matter jurisdiction over her claims.  We reject these arguments, substantially for the reasons stated by the District Court in its Opinion and Order dated July 28, 2011 (and filed August 1, 2011) dismissing the complaint.  We hold that neither of these exceptions to foreign sovereign immunity applies here and that subject matter jurisdiction is therefore lacking.

## C.

Hammerstein also argues on appeal, without citation to authority, that the Alien Tort Statute (ATS) provides jurisdiction even if the aforementioned exceptions to the FSIA do not apply.  Since the FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989), however, it "bars most suits against foreign sovereigns, including those brought under the [ATS]," *Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 246 (2d Cir. 2003); *see also Samantar v. Yousuf*, 130 S. Ct. 2278, 2285-86 (2010) (noting, in the context of an ATS action, that "if a defendant is a 'foreign state' within the meaning of the [FSIA], then the defendant is immune from jurisdiction unless one of the exceptions in the [FSIA] applies").[2]  In sum, the ATS cannot provide a basis for subject matter jurisdiction.

---

[1] 28 U.S.C. § 1604 provides as follows:

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."

[2] It bears noting that, according to the Complaint, Hammerstein is a citizen of the United States and the ATS confers subject matter jurisdiction, if at all, only where the plaintiff is an alien.  *See* 28 U.S.C. § 1350.

**D.**

Finally, Hammerstein argues that Germany's motion to dismiss the complaint was untimely and therefore should not have been considered by the District Court. However, "[i]ssues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*." *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Indeed, "[i]f the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, there was no timeliness requirement either to Germany's motion or to the District Court's consideration of subject matter jurisdiction.

**CONCLUSION**

For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court