James MARULLO, Appellant

v.

APOLLO ASSOCIATED SERVICES, LLC, Appellee

NO. 14–16–00125–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 16, 2017.

Robert D. Clements, Jr., Bradley Wayne Hoover, Alvin, TX, for Appellant.

Paul V. Simon, Shane McClelland, Houston, TX, for Appellee.

Panel consists of Justices Boyce, Wise, and Jewell.

## OPINION

Ken Wise, Justice

James Marullo sued Apollo Associated Services, LLC for breach of a 2004 employment contract and promissory estoppel. The trial court granted Apollo's motion to dismiss based on a forum-selection clause, which appears in a subsequent contract between Marullo and Apollo's successor company. The clause applies to any claims "arising from, related to, or otherwise connected with, any aspect of CONTRACTOR's employment, whatsoever." We hold that Marullo's claims fall within the scope of the forum-selection clause. Thus, we affirm.

## I. BACKGROUND

In 2004, Marullo and Apollo's predecessor company signed a one-year employment agreement that renewed annually. The contract does not contain a forum-selection clause.

On April 30, 2014, Apollo's successor company, Sologic, LLC, laid off Marullo due to the company's financial struggles. Sologic informed Marullo through a termi-nation letter that Sologic would "be sending [him] an agreement shortly for [his] review/approval to engage [his] services for contract instruction/investigation work."[1] A few months later, Marullo and Sologic signed a "part-time contract employee agreement" with an effective date of May 1, 2014. The contract identifies the parties as (1) "Sologic, L.L.C., ('SOLOGIC')" and (2) "James Marullo, ('CONTRACTOR.'"

The 2014 contract contains a forum-selection clause:

8.2 Jurisdiction, Venue, and Service. Regardless of actual or future residency, in the event the parties commence or otherwise become involved in any arbitration, lawsuit, mediation, or other dispute-resolution process, related to this Agreement in whole or in part, or arising from, related to, or otherwise connected with, any aspect of CONTRACTOR'S employment, whatsoever, the parties hereby expressly promise, acknowledge, and stipulate, to personal and exclusive jurisdiction in Yakima County, Washington, U.S.A....

Ultimately, Marullo sued Apollo and Sologic in Harris County for breach of the 2004 contract. Apollo and Sologic moved to dismiss based on the 2014 contract's forum-selection clause.[2] After Marullo nonsuited Sologic, the trial court granted the motion to dismiss without prejudice. Marullo appeals.

## II. FORUM-SELECTION CLAUSE

The parties join issue on whether Marullo's suit falls within the scope of the 2014

---

1. The letter continued, "We will keep your Sologic email and database access open so that you can continue to correspond with students that you will be teaching as a contractor."

2. The defendants also relied on a merger clause within the 2014 contract. Because we conclude that the forum-selection clause is dispositive regardless of the merger clause, we do not recite the arguments and facts concerning the merger clause in detail. See Tex. R. App. P. 47.1.

forum-selection clause. Marullo contends his suit for breach of the 2004 contract does not fall within the clause's scope because the suit is "not connected with 'CONTRACTOR'S employment.'" And Marullo argues, "There is nothing in the 2014 contract, or in Texas contract law, which makes the 2014 clause retroactively applicable to suits under the parties' 2004 agreement, which contained no such clause."

First we recite the standard of review and general principles for determining whether claims fall within the scope of a forum-selection clause. Then we conclude that Marullo's claims accruing under the 2004 contract fall within the scope of the 2014 forum-selection clause because the clause is not limited to "this Agreement," and "CONTRACTOR" is a defined term meaning "James Marullo."

## A. Standard of Review and General Principles

■ The parties agree that this appeal depends on an interpretation of the contract, and therefore, our review is de novo. *See In re Longoria*, 470 S.W.3d 616, 631 (Tex. App.–Houston [14th Dist.] 2015, orig. proceeding); *Liu v. Cici Enters., LP*, No. 14-05-00827-CV, 2007 WL 43816, at *1 (Tex. App.–Houston [14th Dist.] Jan. 9, 2007, no pet.) (mem. op.). Courts interpret unambiguous forum-selection clauses according to their plain language under contract interpretation principles. *Alattar v. Kay Holdings, Inc.*, 485 S.W.3d 113, 119 (Tex. App.–Houston [14th Dist.] 2016, no pet.).

■ To determine whether claims fall within the scope of a forum-selection clause, the Texas Supreme Court has held that "a reviewing court should engage in a 'common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims.'" *In*

*re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 884 (Tex. 2010) (orig. proceeding) (quoting *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding)). We make this determination based on "the language of the clause and the nature of the claims that are allegedly subject to the clause." *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 688 (Tex. App.–Houston [14th Dist.] 2007, pet. denied) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221–22 (5th Cir. 1998)).

■ To determine the scope of a forum-selection clause, the Texas Supreme Court has "borrowed from its arbitration jurisprudence," *In re Lisa Laser*, 310 S.W.3d at 884, because an arbitration clause is "another type of forum-selection clause," *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). "[T]here is no meaningful distinction between a non-arbitration forum-selection clause and an arbitration clause." *Deep Water Slender Wells*, 234 S.W.3d at 694 (citing *In re AIU*, 148 S.W.3d at 115–16).

■ "[W]e look to federal law for guidance in analyzing forum-selection clauses." *In re Int'l Profit Assocs.*, 274 S.W.3d at 677. And generally, "federal law governs the scope of an arbitration clause." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding); *see also In re Int'l Profit Assocs.*, 274 S.W.3d at 677 (relying on *Weekley Homes* to determine whether claims fell within the scope of a forum-selection clause).

## B. Marullo's Claims Are Within the Scope of the Forum–Selection Clause

The parties have not cited any Texas cases concerning the application of a forum-selection clause to claims that accrued

before the parties assented to the forum-selection clause. "We are therefore guided here by analogous cases discussing the retroactive application of arbitration clauses." *TradeComet.com LLC v. Google, Inc.*, 435 Fed.Appx. 31, 34 (2d Cir. 2011) (affirming dismissal based on forum-selection clause).

■ Courts generally refuse to submit claims to arbitration "where the claims arise from or relate to conduct occurring prior to the effective date of the agreement, *and* where the clause is limited to claims under '*this* Agreement.'" *Id.* On the other hand, "courts have found claims arising from or related to conduct occurring before the effective date of an arbitration clause to be *within* the scope of a clause that 'is not limited to claims arising under the agreement itself.'" *Id.* (quoting *In re Verisign, Inc. Derivative Litig.*, 531 F.Supp.2d 1173, 1224 (N.D. Cal. 2007)).

For example, in *TradeComet.com*, the Second Circuit held that a forum-selection clause in a subsequent agreement, and not one appearing in an earlier agreement, applied to antitrust claims alleging anticompetitive conduct that occurred before the parties signed the subsequent agreement. *See id.* The agreement's forum-selection clause applied to claims "arising out of or relating to this agreement *or the*

*Google Program(s)*." *Id.* at 35. The Second Circuit reasoned that the clause was "not limited to claims arising from or related to the August 2006 agreement itself; it broadly includes any claim arising under or related to the 'Google Programs,' irrespective of whether it arose prior to or subsequent to the acceptance of the August 2006 agreement." *Id.* The forum-selection clause applied to the plaintiff's claims, which related to "Google Programs." *Id.*[3]

■ Here, the 2014 forum-selection clause applies to any lawsuit "related to this Agreement in whole or in part, *or* arising from, related to, or otherwise connected with, any aspect of CONTRACTOR'S employment, whatsoever." (emphasis added). The clause is not limited to claims related to "this Agreement." Accordingly, claims will fall within the scope of the clause if they arise from, relate to, or are otherwise connected with "any aspect of CONTRACTOR'S employment, whatsoever." The clause may, under these circumstances, apply to claims that accrued before Marullo signed the 2014 contract.

■ Marullo contends his suit for breach of the 2004 employment contract

---

**3.** Other United States Courts of Appeals have reached similar conclusions when faced with broad arbitration clauses that are not limited to claims arising from the agreement. *See Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649–50 (6th Cir. 2008) (requiring arbitration for claims accruing before the agreement when the clause applied to "any dispute or claim arising from or in connection with this agreement or the services provided by [defendant]," because the claims arose out of "services" provided by the defendant); *Kristian v. Comcast Corp.*, 446 F.3d 25, 33–34 & n.5 (1st Cir. 2006) (requiring arbitration for claims accruing before the agreement when the clause applied to "any claim or dispute arising out of this agreement *or the services*

*provided,*" and "services" was a defined term not limited by "this agreement"); *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 13 F.3d 330, 331–32 (10th Cir. 1993) (requiring arbitration when the clause applied to "any controversy between us arising out of your business or this agreement"; reasoning that the clause was "clearly broad enough to cover the dispute at issue despite the fact that the dealings giving rise to the dispute occurred prior to the execution of the agreement"); *see also Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266–67 (4th Cir. 2011) (requiring arbitration for claims accruing before the agreement when the clause stated that "[a]ny dispute shall be submitted to binding arbitration").

does not relate to "any aspect of CONTRACTOR's employment, whatsoever," because the word "CONTRACTOR" limits the applicability of the clause to claims related only to "Marullo's employment as a CONTRACTOR." We do not agree that use of the word "CONTRACTOR" when describing "CONTRACTOR's employment" means, as Marullo proposes, that the forum-selection clause applies only to "any aspect of James Marullo's employment *as a contractor*." The "PARTIES" section of the contract identifies James Marullo as "CONTRACTOR." Thus, the word "CONTRACTOR" is used throughout the agreement to mean one of the parties to the agreement: James Marullo. We apply the contract's defined terms, in accordance with long-standing principles of contract interpretation, to give meaning to all terms of the contract and adhere to the written expression of the parties' intent. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003). Marullo's interpretation would render meaningless the first part of the forum-selection clause, which applies to lawsuits "related to this Agreement," because "this Agreement" was the only agreement between the parties for which Marullo was employed as a contractor. *See id.*; *see also Kristian*, 446 F.3d at 33 (holding that an interpretation of "any claim or dispute arising out of this agreement or the services provided" to mean "the services provided ... under this agreement" would effectively rewrite the contract).

Giving effect to the word "CONTRACTOR" as the parties intended, we conclude that Marullo's claims against Apollo arise from, relate to, or are otherwise connected with "any aspect of [James Marullo]'s employment, whatsoever." The trial court did not err by dismissing Marullo's suit because his claims under the 2004 contract are within the scope of the forum-selection clause.

Marullo's issues are overruled.[4]

### III. Conclusion

Having overruled Marullo's issues, we affirm the trial court's order dismissing the suit without prejudice.

---

4. As mentioned above, we do not reach Marullo's issues concerning the 2014 contract's merger clause because the plain language of the forum-selection clause is dispositive. And, to the extent Marullo argues in his opening brief that the forum-selection clause is "unfair," noting a "wide disparity in bargaining power," Marullo clarifies in his reply brief that he is not seeking to void the clause based on "undue influence, unconscionability, or a similar defense." Marullo acknowledges that the clause is "perfectly valid," "the product of a standard arms-length, commercial, negotiation," and not "a product of improper coercion or any such perniciousness."