*Du Quenoy v. American University of Beirut*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

PAUL DU QUENOY,

      *Plaintiff-Appellant*,

    v.                                     19-3182

AMERICAN UNIVERSITY OF BEIRUT, FADLO KHURI, TRUDI HODGES,

      *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      THEODORE ALLISON, Karr & Allison, PC, Washington, DC.

**FOR DEFENDANTS-APPELLEES:**      CATHERINE WILLIAMS (Gabriela Bersuder, Peter Shakro, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Paul du Quenoy sued his former employer, the American University of Beirut ("AUB"), as well as AUB's president, Fadlo Khuri, and its former Title IX coordinator, Trudi Hodges (collectively, "Defendants"). He brought claims for sex-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, and state and local law; retaliation in violation of Title VII; breach of contract; and certain torts. Du Quenoy also sought a declaratory judgment that AUB's investigation of sexual harassment complaints against him, the investigation's findings, and the resulting sanctions were improper and undertaken in bad faith. The district court dismissed his complaint based on a forum-selection clause designating Lebanon as the exclusive forum for adjudicating disputes related to Du Quenoy's employment contract. He now appeals this dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As the district court recognized, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). This Court has yet to decide whether a dismissal for *forum non conveniens* based on a forum-selection clause is reviewed *de novo* or for abuse of discretion. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). But because we conclude that dismissal was proper under either standard, we need not resolve the question here.

A freely negotiated forum-selection clause "represents the parties' agreement as to the most proper forum" and "should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 33 (1988)) (alteration omitted). A forum-selection clause is presumptively enforceable if it "was reasonably communicated to the party resisting enforcement," has "mandatory force," and "covers the claims and parties involved in the dispute." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). A party may overcome this presumption only "by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 383–84 (internal quotation marks omitted). Specifically, a forum-selection clause will not be enforced only if "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Martinez*, 740 F.3d at 228 (internal quotation marks omitted). These exceptions are "interpreted narrowly." *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010).

Du Quenoy does not challenge the presumptive enforceability of the forum-selection clause. Instead, he principally relies on the third and fourth exceptions for overcoming the presumption.

Regarding the third exception, Du Quenoy argues that the forum-selection clause, when combined with a choice-of-law clause designating Lebanese law to govern claims under the employment contract, operates as a prospective waiver of Du Quenoy's civil rights under Title VII. He claims that enforcement of the forum-selection clause would thus contravene the strong federal

3

public policy against employment discrimination.

There is indeed "a strong federal public policy favoring enforcement of the civil rights laws," and "[w]e would hesitate to enforce a forum selection clause if the party resisting enforcement demonstrated that the foreign forum's anti-discrimination law was insufficient to deter employers from violating the civil rights" of employees who otherwise enjoy the protection of American anti-discrimination laws. *Martinez*, 740 F.3d at 229. Here, however, we detect no error in the district court's finding, upon review of the expert testimony presented by each side, that Du Quenoy failed to carry his burden on this point. It is "not enough that the foreign law or procedure merely be different or less favorable than that of the United States." *Id*. at 229. Thus, the mere fact that the claims and remedies available under Lebanese law may differ from those available under Title VII is "insufficient to overcome the presumptive enforceability of the forum selection clause," given that Du Quenoy has failed to show that Lebanese law would deprive him of a remedy for employment discrimination. *Id*.

Here, the record indicates—and Du Quenoy has not refuted—that Lebanese law permits Du Quenoy to sue AUB for terminating his employment contract, including termination motivated by a discriminatory intent. Lebanese courts will evaluate such a claim by applying general principles of equity. If termination was wrongful, Lebanese law provides a damages remedy. Because Du Quenoy has not demonstrated that the claims and remedies available in Lebanon would be ineffective at deterring AUB from discriminating against its employees, we conclude that Du Quenoy's public policy argument does not overcome the presumptive enforceability of the forum-selection clause. *Id.*

Regarding the fourth exception, Du Quenoy points to various difficulties of litigating in Lebanon that he claims will effectively deprive him of his day in court. This argument is similarly

4

unavailing. Du Quenoy's complaints about the time, expense, and difficulty associated with litigating in Lebanon are nothing more than "the obvious concomitants of litigation abroad." *Phillips*, 494 F.3d at 393; *see also Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").[1] Du Quenoy's allegations concerning corruption within the Lebanese judiciary also fail. "[B]are denunciations and sweeping generalizations" of corruption, rather than particularized allegations of targeted bias, "do not permit us to pass value judgments on the adequacy of justice and the integrity of [Lebanon's] judicial system." *Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 499 (2d Cir. 2002) (internal quotation marks omitted). Likewise, Du Quenoy has not shown that political unrest in Lebanon would defeat the Lebanese judiciary's ability to adjudicate his claims. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir. 1987).[2]

Because Du Quenoy has failed to demonstrate that enforcement would contravene a public policy or deprive him of his day in court, we hold that he has failed to carry the "heavy burden" required to overcome the presumptive enforceability of the forum-selection clause. *New Moon*

---

[1] We reject Du Quenoy's argument that the district court erred by finding that the forum-selection clause was freely negotiated without first conducting an evidentiary hearing. Unsupported contentions that Du Quenoy had no opportunity to negotiate the terms of his employment contract are insufficient to place a material fact in dispute, and it was therefore within the district court's discretion to rely on pleadings and affidavits in resolving the motion to dismiss. *See Martinez*, 740 F.3d at 216–17; *see also TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 33–34 (2d Cir. 2011) (finding no error in the district court's failure to conduct an evidentiary hearing to determine the enforceability of a forum-selection clause where the plaintiff adduced no evidence contradicting its acceptance of the relevant contract terms).

[2] While this appeal was pending, Du Quenoy moved this Court to take judicial notice of news articles describing recent events and current conditions in Lebanon. Although we may take judicial notice of certain undisputed adjudicative facts, we decline to draw the inferences that Du Quenoy urges. *See* FED. R. EVID. 201(b) (courts may take notice of "adjudicative facts" that are "not subject to reasonable dispute"—*i.e.*, facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). In any event, consideration of the submitted news articles would not alter our analysis, and the motion is therefore denied as moot.

5

*Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 33 (2d Cir. 1997). The clause must therefore be "given controlling weight." *Atl. Marine*, 571 U.S. at 63.

Finally, Du Quenoy challenges the district court's dismissal of claims brought against Defendant Hodges for lack of personal jurisdiction. At oral argument, counsel for Du Quenoy conceded that continued pursuit of claims against Hodges was unnecessary. In any event, we conclude that Du Quenoy has failed to establish the requisite nexus between Hodges' alleged New York activities and the claims brought against her. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168–69 (2d Cir. 2013).

We have considered Du Quenoy's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6